## DE JONGHE *et al.* v. UNITED STATES (No. 1171).[1]

1. CONSTRUCTION.

Words to which Congress has given a special meaning in a tariff act will be presumed to retain that signification in a subsequent tariff act relating to the same subject matter, no contrary intention appearing. Reiche v. Smythe (13 Wall., 162). Accordingly snails may not be deemed "live animals."

2. ESCARGOTS OR EDIBLE SNAILS.

Nor, by the same reasoning, can snails be deemed shellfish and entitled to free entry. They are to be classified as a raw article designed to be converted into a food not enumerated or provided for. They were dutiable under paragraph 480, tariff act of 1909.

----

[1] Reported in T. D. 34189 (26 Treas. Dec., 265).

United States Court of Customs Appeals, February 5, 1914.

APPEAL from Board of United States General Appraisers, Abstract 32075 (T. D. 33348), Abstract 32338 (T. D. 33409).

[Reversed.]

*Comstock & Washburn (George J. Puckhafer* on the brief) for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Henry H. Childers,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

This case involves the classification of escargots or edible snails, imported alive, which were subjected to a duty of 20 per cent ad valorem as "live animals" under paragraph 229 of the tariff act of 1909, which paragraph is as follows: ·

229. All other live animals, not specially provided for in this section, twenty per centum ad valorem.

The importers protested against the classification and the rate of duty applied to the importation by the collector and claimed that the snails were either entitled to free entry as shellfish under paragraph 671 of the free list or dutiable under paragraph 480 as a raw or unmanufactured article not provided for. Paragraphs 671 and 480 are as follows:

FREE LIST.

671. Shrimps and other shellfish.

480. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this section, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this section, a duty of twenty per centum ad valorem.

The Board of General Appraisers overruled the protest and the importers appealed.

The first question presented by the record is whether the snails are "live animals" within the meaning of paragraph 229 and consequently dutiable as assessed.

Under section 23 of the act of March 2, 1861, "animals living, of all kinds," and "birds, singing and other, and land and water fowls," were separately provided for and exempted from the payment of duty. While these provisions were still in force and on May 16, 1866, a special act was passed which levied a duty of 20 per cent ad valorem on all "horses, mules, cattle, sheep, hogs, and other *live animals* imported from foreign countries." As the act was limited to the subject of horses, mules, cattle, sheep, hogs, and other *live animals,* the collector of customs at New York considered that it was aimed at all live animals provided for in the free lists of previous acts, and that it was intended to make such animals dutiable instead of free. Accordingly canary birds were classified as live animals and subjected to a

duty of 20 per cent ad valorem.   The Supreme Court of the United States declined, however, to sustain the decision of the collector and held, first, that a distinction having been once made by Congress between live animals and birds, that distinction, in the absence of anything to the contrary, would be presumed to have been carried into subsequent legislation on the same subject; and, second, that the word "animals" was used by Congress in its popular signification, and that the expression "animals, living," as employed in the act of 1861, applied to quadrupeds and not to birds or fowls.   Reiche v. Smythe (13 Wall., 162, 164–165).

The doctrine laid down in the Reiche case, that words to which Congress has given a special meaning in a tariff act will be presumed to retain that signification in a subsequent tariff act relating to the same subject matter in the absence of anything showing a contrary intention, was, in effect, reaffirmed in Robertson v. Rosenthal (132 U. S., 460, 464).

In the tariff act of 1909, under which these goods were assessed for duty, we find nothing showing that Congress intended to use the expression "live animals" in any other sense than that in which it was used in the tariff acts of 1861 and 1866.   Congress must be presumed to have had knowledge of the decision in the Reiche case and that the tariff provision for a duty on "other live animals" had been interpreted to mean such animals as were quadrupeds.   Nevertheless, in every tariff act from the date of that decision down to and including the tariff act of 1909, Congress continued to impose a duty on live animals and indicated in no way any intention to change the signification put upon the designation "live animals" by the Supreme Court. We must therefore conclude that the judicial interpretation given to that term was approved by Congress and that as snails are not quadrupeds they were not subject to the duty imposed on live animals by paragraph 229.   See Homer v. Collector (1 Wall., 486, 490).

The same reasoning, however, which excludes snails from the tariff provision for live animals likewise excludes them from classification as shellfish, and consequently from admission to free entry under the provisions of paragraph 671.   Paragraph 703 of the act of 1890 provided for the admission free of duty of "shrimps and other shellfish," and paragraph 708 of the same act admitted "snails" to free entry.   Paragraphs 615 and 620 of the act of 1894 likewise classified snails and shellfish as separate tariff entities and exempted both from duty.   In the acts of 1897 and 1909 no provision was made for the free entry of snails, although shrimps and shellfish were continued on the free list.   As snails and shellfish were separately provided for on the free list in the tariff acts of 1890 and 1894, it is evident that snails were not regarded by Congress as shellfish, and that snails and shellfish must be considered as distinct entities for tariff purposes. From this it follows that the designation "shellfish" does not embrace

snails, and that as snails were omitted from the free list of the tariff act of 1909 they must be held to be dutiable and not entitled to free entry. Snails are not provided for *eo nomine* or by description in the dutiable list, and apparently they can not be made dutiable by similitude in material, quality, texture, or use to any enumerated article therein provided for. We think, however, that they may be classified as a raw article, designed to be converted into a food, and not enumerated or provided for. We therefore hold that edible snails are dutiable at 10 per cent ad valorem under the provisions of paragraph 480.

The decision of the Board of General Appraisers is *reversed.*