UNITED STATES *v.* LARZELERE & Co. (No. 1500).[1]

SPLIT RATTAN CUT INTO LENGTHS.

These pieces of rattan are not further advanced than cut into lengths suitable for umbrella sticks, etc. They can not be said to be by their condition definitely appropriated to any specified use. They were entitled to free entry under paragraph 648, tariff act of 1913.

United States Court of Customs Appeals, May 24, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7646 (T. D. 34932).

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Harry M. Farrell,* special attorney, on the brief), for the United States.

*B. A. Levett* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise here is described as split rattan cut into lengths of about 12 inches. It was returned for duty as an unenumerated manufactured article under paragraph 385 of the act of 1913, and so assessed.

---

[1] Reported in T. D. 35502 (28 Treas. Dec., 1006).

Respecting the manner of its production and its use the evidence shows that rattan is run through a machine which strips off the bark and cuts it into lengths. It is then packed in bales and is exclusively used in the manufacture of street sweepers' brooms. The length or diameter of the rattan when inserted in the machine is not stated, nor is it shown into how many parts it is split by the machine.

It does not appear whether in the condition as imported this merchandise is or is not fit and ready to be used in the manufacture of these brooms, and from its appearance we may well suppose that it requires further manipulation and treatment.

The importer protested, claiming free entry under paragraph 648 of the act of 1913, which reads as follows:

648. Woods: Cedar, including Spanish cedar, lignum-vitæ, lancewood, ebony, box, granadilla, mahogany, rosewood, satinwood, and all forms of cabinet woods, in the log, rough, or hewn only, and red cedar (*Juniperus virginiana*) timber, hewn, sided, squared. or round; sticks of partridge, hair wood. pimento, orange, myrtle, bamboo, rattan, reeds unmanufactured. india malacca joints. and other woods not specially provided for in this section, in the rough, or not further advanced than cut into lengths suitable for sticks for umbrellas, parasols, sunshades, whips, fishing rods, or walking canes.

The Board of General Appraisers sustained the protest on the authority of Brauss v. United States (120 Fed., 1017), which seems to have involved merchandise similar to that here, and in which it was held entitled to free entry under paragraph 700 of the act of 1897. That paragraph is very like 648 above quoted.

To warrant us in reversing the board in this case we must be satisfied that these pieces of rattan are further advanced than cut into lengths suitable for sticks for umbrellas, etc. But we are not satisfied of that fact. The board's judgment negatives such a finding on its part, and upon the record, aided by an inspection of the exhibits, we are unwilling to say that therein it erred. The rattan in the rough has been split and cut into lengths, but whether in these lengths it is suitable for any use except as raw material until further processed we do not know. The strips have not reached the stage where we can say they have been definitely appropriated to any specified use or purpose. While it is true the meager record here shows they are exclusively used in the manufacture of brooms there is nothing in the appearance of the pieces themselves to so indicate, neither is there anything of record to show they are now ready without further manufacture to become a part of the brooms.

There is another reason that makes in favor of this disposition of the case. The record here shows that for 10 years or more, a part of the time being under the act of 1913, merchandise similar to that at bar has been entered and passed free of duty and we gather from what appears and from references to other cases that such has been its uniform treatment since the decision in the Brauss case above referred to, construing the section of the act of 1897.

We have recently held merchandise apparently similar to that in this case entitled to free entry. Rattan & Cane Co. *v.* United States (6 Ct. Cust. Appls., 1; T. D. 35247).

In view of what has already been stated we think the judgment of the Board of General Appraisers ought to be, and it is, *affirmed.*