UNITED STATES *v.* RICE & FIELDING, INC. (No. 2286).[1]

1. CONSTRUCTION, PARAGRAPHS 18 AND 19, TARIFF ACT OF 1921.

By paragraphs 18 and 19, emergency tariff act of 1921, Congress intended to declare that wool, commonly known as clothing wool, as well as the hair of the camel, if advanced in any manner beyond the washed or scoured condition, should, for the short period during which the emergency act would be in force, pay the rates of duty therein provided, regardless of a recognized tariff entity under the act of 1913 and regardless, also, of whether under the preceding act such hair was dutiable or free.

2. CAMEL'S-HAIR NOILS—EVIDENCE—PRESUMPTION FAVORS COLLECTOR.

Camel's-hair noils made by combing scoured camel's hair are camel's hair advanced beyond the washed or scoured condition and were classifiable as such under paragraph 19, emergency tariff act of 1921, rather than entitled to free entry as noils under paragraph 651, tariff act of 1913. The protestant, having failed to show that the merchandise was entitled to free entry, the Board of United States General Appraisers should have sustained the assessment of the collector at the same rate under paragraph 18, emergency tariff act of 1921.

---

[1] T. D. 40020.

United States Court of Customs Appeals, November 17, 1923.

APPEAL from Board of United States General Appraisers, G. A. 8629 (T. D. 39558).

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

*Waterhouse & Lockett* (*William E. Waterhouse* of counsel) for appellee.

[Oral argument October 18, 1923, by Mr. Lawrence and Mr. Waterhouse.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is camel's-hair noils. The invoice describes it as "camel-hair noils, other than carbonized, made from the hair of the camel," and states that it has been thoroughly washed and scoured and was free from any contagious disease. In the entry it is described as "camel-hair noils, scoured—combed—sorted," and it was entered as dutiable at 45 cents per pound.

The collector classified and assessed it at 45 cents per pound under the provisions of the emergency tariff act of May 22, 1921. The importer protested and the Board of General Appraisers, one member dissenting, sustained the protest.

In this court the importer relies upon paragraph 651 of the act of 1913 which gives free entry to "Wool wastes: All noils * * * and all other waste not specially provided for." We quote paragraph 18 of the emergency act:

Wool, commonly known as clothing wool, including hair of the camel, angora goat, and alpaca, but not such wools as are commonly known as carpet wools: Unwashed, 15 cents per pound; washed, 30 cents per pound; scoured, 45 cents per pound. Unwashed wools shall be considered such as shall have been shorn from the animal without any cleaning; washed wools shall be considered such as have been washed with water only on the animal's back or on the skin; wools washed in any other manner than on the animal's back or on the skin shall be considered as scoured wool. On wool and hair provided for in this paragraph which is sorted or increased in value by the rejection of any part of the original fleece, the duty shall be twice the duty to which it would otherwise be subject, but not more than 45 cents per pound.

Paragraph 19 of that act provides that "wool and hair of the kind provided for in paragraph 18 when advanced in any manner or by any process of manufacture beyond the washed or scoured condition," * * * shall be dutiable at 45 cents per pound in addition to the rates of duty imposed thereon by existing law.

The collector reports that he assessed the merchandise under paragraph 18 and the arguments in this court relate mainly to the applicability of that paragraph, although the Government contends that if not dutiable thereunder, paragraph 19 is determinative of the issue.

In the opinion of the majority of the board no especial consideration was given to the applicability of paragraph 19, it being concluded

that these noils had such a separate tariff entity under the act of 1913 that they were not intended to be covered by the cited paragraphs of the emergency act.

The dissenting general appraiser seems to have based his conclusion upon the ground that the noils were dutiable under paragraph 19.

It is the duty of the importer not only to show that the collector has erred in his assessment but to show that the merchandise is not dutiable. In this view it becomes important to ascertain whether paragraph 19 may not control the assessment here and it will be noted that the duty provided therein upon this merchandise, if within its provision, will be the same as under paragraph 18.

The evidence shows that these noils are composed of short fibers that are thrown off as waste in the process of combing camel's hair to obtain a top and that generally the price of camel's hair per pound exceeds the price of noils per pound, dependent upon the market fluctuations. Such noils would not be regarded in the wool trade as clothing wool although used, generally with other materials, in the manufacture of fabrics. One substantial use is in the manufacture of blankets. It is also used in making clothing. One of the importer's witnesses testified, without contradiction, that camel's hair was carded before it was combed and that in its imported condition it was ready to be used as a material, either alone or in connection with other substances, in the production of fabrics. A witness for the Government, likewise without contradiction, gave substantially the same testimony and said that some waste usually resulted from the carding process.

It is conceded that the camel's hair was washed and scoured before these noils were produced. Therefore, without passing upon their dutiability under paragraph 18 we see no escape from the conclusion that these noils are dutiable under paragraph 19 of the emergency act.

Although noils, they are also camel's hair advanced equally with the tops produced at the same time. In other words, the original camel's hair by the combing process has been separated into two articles, one known as tops and the other as noils, but each still is camel's hair advanced. Clearly this hair has been advanced beyond the washed or scoured condition. Paragraph 19 does not provide that wool or hair must be advanced by any process of manufacture beyond the washed or scoured condition but declares that if advanced in *any manner* beyond that condition, they shall be dutiable.

We think it was the intention of Congress as manifested by paragraphs 18 and 19 to declare that wool, commonly known as clothing wool, as well as the hair of the camel, if advanced in any manner beyond the washed or scoured condition, should, for the short period

during which the emergency act was to be in force, pay the rates of duty therein provided, regardless of a recognized tariff entity under the act of 1913 and regardless also, of whether under the preceding act such hair was dutiable or free.

The assessment in this case was therefore correct.

This conclusion is not at variance with our decision in United States *v.* Davies (11 Ct. Cust. Appls. 392; T. D. 39316). In that case the merchandise was unshorn lamb pelts and the collector had undertaken to collect duty upon the wool on such pelts as a separate tariff entity under the provisions of the emergency act. In view of the fact that paragraph 18 manifestly relates to wools that are severed from the skin, we held that the wool imported on the lamb pelts could not be segregated from the skin and classified as wool. In this connection see Smillie & Co. *v.* United States (11 Ct. Cust. Appls. 199; T. D. 38966), and Wilkes-Barre Lace Mfg. Co. *v.* United States (11 Ct. Cust. Appls. 519; T. D. 39664).

It is unnecessary, in view of the conclusion we have already reached, to discuss other contentions made by the importer.

The judgment of the Board of General Appraisers is *reversed.*

[Rehearing denied February 9, 1924.]