The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* H. BAYERSDORFER & Co. (No. 3039[1])

United States Court of Customs Appeals, April 9, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

---

[1] T. D. 42717.

44

[Oral argument February 8, 1928, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Land moss set on a circular wood framework, imported at the port of Philadelphia, was classified by the collector of customs as moss wreaths and assessed for duty at 60 per centum ad valorem under that part of paragraph 1419 of the Tariff Act of 1922 which reads as follows:

1419. * * * artificial or ornamental fruits, vegetables, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for, 60 per centum ad valorem; natural leaves, plants, shrubs, herbs, trees, and parts thereof, chemically treated, colored, dyed or painted, not specially provided for, 60 per centum ad valorem; boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the * * * flowers, leaves, or other material herein mentioned, 60 per centum ad valorem * * *.

The importer protested that the merchandise was dutiable either at 10 per centum ad valorem under paragraph 1442 as moss manufactured or at 20 per centum ad valorem under paragraph 1459 as articles wholly or partly manufactured. The pertinent parts of paragraphs 1442 and 1459 are as follows:

1442. Moss and sea grass * * *, if manufactured or dyed, 10 per centum ad valorem.

1459. That there shall be levied, collected, and paid * * * on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The United States Customs Court sustained the protest on the ground that the merchandise was dutiable under paragraph 1442, and the Government appealed.

The testimony in the case is uncontradicted that the merchandise imported is a land moss laid on a circular framework of wood and that the moss is the component of chief value; that the goods in their imported condition are never used or sold as wreaths; that the imported articles are called moss wreaths but that they are just a background or base for the making of wreaths; that in order to make wreaths out of the goods they must be either steamed for two hours or wet with hot water and then filled with either artificial flowers or dried flowers such as immortelles; that the steaming or wetting of the moss swells the moss and makes the moss layer much thicker; that goods such as that imported are sold to florists, who make them up into wreaths by filling the moss with artificial or dried flowers after steaming or wetting the moss; that usually Bayersdorfer & Co. sell to florists merchandise such as that under protest in its condition as imported; that prior to January 15, 1926, merchandise of the kind imported was for 20 years assessed at 10 per centum ad valorem as moss dyed or manufactured and that that classification of

the merchandise was not changed until the promulgation on January 15, 1926, of department order, T. D. 41286.

A wreath is defined to be: 1. A twisted band of leaves or flowers commonly circular and often designed for a crown, chaplet, or decoration. 2. A wreath of leaves or flowers. See "wreath," New Standard Dictionary. A wreath is a twisted band; something twisted, as a flowering branch, into a circular form; especially, a sort of crown made of natural or artificial flowers sewed to a stem, or of thin metal-work, filigree, or the like; a garland; a chaplet. (See "wreath," Century Dictionary.)

A wreath as that term is commonly understood is an ornamental or decorative article which is usually circular in form and ready for the use of the ultimate consumer. Although the merchandise which was imported is composed in chief value of moss and has the circular form which is characteristic of most wreaths, it is unfinished, unfit for ultimate use, and is never sold to the consumer. The so-called moss wreath is nothing more than a background, base, or material to which artificial or dried flowers must be added in order to make a complete wreath. The goods imported can not be regarded as moss or plants and are, in fact, incomplete wreaths or wreaths partly manufactured, composed of wood, and in chief value of dyed moss. As paragraph 1419 does not provide for manufactures of moss or for wreaths partly manufactured, the importation is not dutiable under that paragraph.

The provision for boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of feathers, flowers, leaves, etc., first appeared in paragraph 438 of the Tariff Act of 1909. Paragraph 78 of that act provided for "moss * * * if manufactured or dyed, 10 per centum ad valorem." Wreaths composed of rock moss, dyed, prepared, and suitable for decorative purposes were held by the board in June, 1910, to be dutiable under paragraph 78 at 10 per centum ad valorem as moss manufactured and dyed. In a subsequent case the Government sought to have moss wreaths classified as nonenumerated manufactured articles dutiable at 20 per centum ad valorem, but the board adhered to its earlier decision and held that the wreaths were dutiable at 10 per centum as moss manufactured or dyed under paragraph 78. Paragraph 347 of the Tariff Act of 1913 imposed a duty of 60 per centum ad valorem on boas, boutonnieres, and wreaths composed wholly or in chief value of any of the feathers, fruits, leaves, or other material mentioned in the paragraph. Paragraph 1419 of the Tariff Act of 1922 added vegetables, plants, shrubs, herbs, trees, and parts thereof to the materials mentioned in previous Tariff Acts but made no other change affecting the issue involved in this appeal.

The evidence of the Government examiner establishes that he had been examining moss wreaths for 24 years and that under the Tariff

Acts of 1909 and 1913 such wreaths had been classified as moss, dyed or manufactured, and subjected to a duty of 10 per centum ad valorem, and that the same classification prevailed under the Tariff Act of 1922 until January 15, 1926, on which date the classification was ordered changed by department order, T. D. 41286.

It is clear, therefore, that for a period of 17 years and until January, 1926, so-called moss wreaths have not been classified as wreaths within the meaning of the Tariff Acts of 1909, 1913, and 1922, but as moss manufactured and dyed. Such a long-continued administrative classification of the merchandise should not be disturbed at this late day. Importers have a right to rely on long-continued administrative practice and if any change is to be made it should be made by Congress, which is presumed to know that moss wreaths had been denied classification as wreaths during the life of two tariffs acts and for more than 3 years under the tariff act now in force.

The judgment of the United States Customs Court is *affirmed*.