Under the amended protest, and on the record as developed, the claim of plaintiffs to duty free entry under paragraph 1811 is sustained. Judgment will issue accordingly.

**No. 60806.**—Foreign Products Corporation *v*. United States, protest 236949–K (Philadelphia).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of actumus humus soil builder the same in all material respects as that the subject of *Foreign Products Corporation* v. *United States* (34 Cust. Ct. 67, C. D. 1679), the claim for free entry under paragraph 1685 was sustained.

**No. 60807.**—Foreign Products Corp. *v*. United States, protests 268046–K and 268047–K (New York).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of actumus humus soil builder the same in all material respects as that the subject of *Foreign Products Corporation* v. *United States* (34 Cust. Ct. 67, C. D. 1679), the claim for free entry under paragraph 1685 was sustained.

**No. 60808.**—Mutual Supply Co. and Pacific Mutual Sales, Inc. *v*. United States, protests 294145–K and 294123–K (San Francisco).

Opinion by DONLON, J.   In accordance with stipulation of counsel that the merchandise consists of sazae similar in all material respects to the commodity involved in *Pacific Mutual Sales Co.* v. *United States* (36 Cust. Ct. 100, C. D. 1758), the claim of the plaintiffs was sustained.

**No. 60809.**—Louis Josephson, as surviving partner of Kobe Import Co. *v*. United States, petition 7211–R (New York).

DONLON, Judge:   This is a petition for remission of additional duties assessed under section 489 of the Tariff Act of 1930.   As in all such proceedings, petitioner has the burden of showing, by satisfactory proofs, that the entry undervaluation, which gave rise to section 489 assessment, was without intention to defraud the revenues, or to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the entered merchandise.   Section 489, *supra*.

Proofs before us fall into two categories.