UNITED STATES *v.* MAY DEPARTMENT STORES CO. (No. 2787) [1]

United States Court of Customs Appeals, April 16, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Kenneth G. Osborn,* special attorneys, of counsel), for the United States.

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* of counsel) for appellee.

[1] T. D. 42151.

[Oral argument December 16, 1926, by Mr. Igstaedter and Mr. Richardson]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The May Department Stores imported at St. Louis a quantity of bead necklaces, which were classified by the collector as jewelry under paragraph 1428 of the Tariff Act of 1922 at 80 per centum ad valorem. The importer protested, claiming the goods to be dutiable at 45 per centum ad valorem under paragraph 1403 of said act as beads in imitation of precious or semiprecious stones. An alternative claim is made in the protest under said paragraph as articles composed wholly or in chief value of beads, but this claim is waived by the argument and will not be here considered. The respective paragraphs, in so far as they are material, are as follows:

PAR. 1428. Jewelry, commonly or commercially so known, finished or unfinished, of whatever material composed, valued above 20 cents per dozen pieces, 80 per centum ad valorem; * * * stampings, galleries, mesh, and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, 75 per centum ad valorem.

PAR. 1403. * * * all other beads in imitation of precious or semiprecious stones, of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted, 45 per centum ad valorem.

The collector overruled the protest and, on appeal, the protest was sustained, the court below holding the imported articles to be beads in imitation of precious or semiprecious stones, and therefore entitled to a rate of 45 per cent ad valorem as claimed. From the resulting judgment the Government has appealed.

The official sample discloses that the imported articles are rose-colored glass beads, cut, faceted, and perforated, carefully graduated in size from one-half to three-sixteenths of an inch in diameter and as thus graduated permanently strung on a substantial string which is knotted between each bead and the next one, the entire string of beads, or necklace, being 31 inches in length and not capable of being unfastened or opened.

The classification of the collector raised the presumption that the articles imported were jewelry valued above 20 cents per dozen pieces. To meet this the importer called one witness who testified, in substance, that the beads used in the imported articles were imitations of precious stones—namely, rubies.

The importer now contends that, having established that the imported articles are beads in imitation of precious stones, even if they be also considered as jewelry, the designation of beads in imitation of precious stones under said paragraph 1403 is more specific than the designation jewelry in said paragraph 1428, and that therefore the goods should be classified under the former paragraph. This was the view taken by the court below.

In *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 18, certain beaded chains and necklaces were involved made of various base materials, such as wood, glass, etc. They were assessed with duty as jewelry under paragraph 356 of the tariff act of October 3, 1913, and were claimed to be dutiable as articles composed in chief value of beads under paragraph 333 of said act. This court, in the case cited, called attention to the long-continued legislative practice of treating jewelry and beads as separate tariff entities. In this connection the court says, citing many authorities in support thereof:

Frequently, also, this court has held or assumed that necklaces and chains in imitation of precious stones and the precious metals were classifiable as jewelry. * * * There are concededly beaded necklaces commonly regarded as jewelry (imitation or real), such as pearl or gold beaded necklaces, or imitations thereof and silver necklaces set with pearls, or white metal set with precious stones, which are commonly regarded as jewelry.

The court then defined jewelry as composed of "the precious metals or imitations thereof; or, of precious or semiprecious stones, pearls, or imitations thereof, or cameos, coral, or amber, including artificial, synthetic, or reconstructed pearls, rubies, or other precious stones, strung or set," basing this definition upon the legislative practice and the particular language employed in said paragraph 356. It is a fair inference, however, from what is said in the opinion in that case, that the court was of opinion that if the bead necklaces in question had been composed of the materials named by the court in its definition above quoted they would have been more specifically enumerated in said paragraph 356 and should have been classified as jewelry.

In *United States* v. *Woolworth*, 10 Ct. Cust. Appls. 194, imitation pearl beads made of glass, permanently strung as necklaces were classified as jewelry under paragraph 356, *supra*, and were claimed to be beads strung under paragraph 333 of the same act, which provided for "beads, including imitation pearl beads." The court held that they were properly classified. In this case, as distinguished from the *American Bead Co.* case, *supra*, it will be observed that the material of which the beads were composed was specifically enumerated in said paragraph 356. Hence the court could, and did, find the designation of jewelry to be more specific than "imitation pearl beads."

In *United States* v. *Doragon*, 13 Ct. Cust. Appls. 182, this court had again before it, among other things, the question of the proper classification of bead necklaces, in this instance under the Tariff Act of 1922. Certain necklaces made of bone and ivory beads were classified as jewelry under paragraph 1428, and were claimed to be dutiable as beads under paragraph 1403 of said act. We there called attention to the fact that the Congress had inserted in said paragraph 356 of said tariff act of 1913, after the words "Jewelry, com-

monly or commercially so known," the language "finished or unfinished, of whatever material composed," and that such change of language must be construed as evincing a legislative intent to draw within the scope of the paragraph everything that was known as jewelry, commonly or commercially. We therefore held that the imported articles were properly classified as jewelry and not as beads.

In *United States* v. *International For. Co.*, 13 Ct. Cust. Appls. 190, we had before us the classification of mother-of-pearl necklaces, claimed to be articles composed wholly or in chief value of beads, under said paragraph 1403. The court held the articles to be properly classifiable as jewelry under said paragraph 1428.

The particular relevancy of the cases cited to the facts in the case at bar is summed up in the following statement found in the opinion in the *Doragon* case, *supra:*

> But, irrespective of the congressional purpose, the language used is: "of whatever material composed." This is tantamount to a statement that if the article in question is such that it would be known as jewelry if it were not for the material of which it is composed, then the matter of the material is unimportant, and the article is properly classified as jewelry.

Applying this principle to the case at bar, once conceding that the articles before us are jewelry, it can not be important whether the beads of which they are composed are made in imitation of precious stones or not, any more than it is important as to what materials they are composed of. The important question is: Are they jewelry? If so, paragraph 1428, with its all-embracing language, includes them.

Attention is called by appellee to *United States* v. *European Watch Co.*, 13 Ct. Cust. Appls., as justifying its contention herein. In the case cited the competing provisions were "materials of metal * * * for use in the manufacture of * * *" jewelry, under said paragraph 1428, and "snap fasteners" in paragraph 348 of the same act. The materials imported were snap fasteners and the court held that designation to be more specific than "materials of metal." To a like effect are *United States* v. *Clarke*, 13 Ct. Cust. Appls. 462, and *United States* v. *Murphy*, 13 Ct. Cust. Appls. 456, also cited. There is a wide difference between the construction to be placed upon a broad term such as "materials" and that to be given to the term "jewelry." We find nothing in the cases cited to interfere with the conclusions herein stated.

The judgment of the court below is therefore *reversed.*

### DISSENTING OPINION

Barber, Judge: I am unable to concur in the majority opinion in this case.

In determining the classification of these necklaces which are composed of nothing but glass beads, colored in such a way as to imitate precious or semiprecious stones, it is of some importance to know the previous legislative history on the subject of beads.

The act of 1883, Schedule N, provides for beads, and bead ornaments of all kinds, except amber.

The act of 1890, paragraph 445: For glass beads, loose, unthreaded or unstrung.

The act of 1894, paragraph 99: For glass beads, loose, strung, or carded.

The act of 1897, paragraph 408: For beads of all kinds, not threaded or strung, and for certain articles, and others not specially provided for, composed wholly or in part of beads made of glass and other materials.

The act of 1909, paragraph 421: For beads of all kinds, including imitation pearl beads, not threaded or strung, or strung loosely on thread for facility in transportation only; and for a variety of named articles, and others not specially provided for, composed wholly or in chief value of beads made of glass and other material.

The act of 1913, paragraph 333: For beads of all kinds, including imitation pearl beads, not threaded or strung, or strung loosely on thread for facility in transportation only; and for various articles, and others not specially provided for, composed wholly or in chief value of beads of glass and other material.

Paragraph 1403 of the present act first provides for beads, not including beads of ivory or imitation pearl beads and beads in imitation of precious or semiprecious stones; next for beads of ivory; then for fabrics and articles not ornamented with beads, if composed wholly or in chief value thereof, other than imitation pearl beads and beads in imitation of precious or semiprecious stones; then for imitation pearl beads of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted; and finally for all other beads in imitation of precious or semiprecious stones, of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted.

The material parts of the jewelry and allied paragraphs of the same statutes are as follows:

The act of 1883, Schedule N, provides for jewelry of all kinds.

The act of 1890, paragraph 452: For various articles not specially provided for, composed of precious metals or imitations thereof, precious stones or imitations thereof, which shall be commercially known as jewelry. Paragraph 454: For imitations of precious stones composed of glass not exceeding one inch in dimensions.

The act of 1894, paragraph 336: For all articles not specially provided for, commercially known as jewelry. Paragraph 338: For imitations of precious stones not exceeding one inch in dimensions.

The act of 1897, paragraph 434: For articles commonly known as jewelry, and parts thereof, finished or unfinished, not specially provided for. Paragraph 435: For imitations of precious stones composed of glass not exceeding an inch in dimensions, not engraved, painted, ornamented or decorated, and not mounted or set.

The act of 1909, paragraph 448: For articles if set with imitation precious stones, composed of glass, and for a great variety of other articles not including imitation precious or semiprecious stones, in part or in whole, at certain varying rates, concluding as follows:

All of the foregoing, whether known as jewelry or otherwise and whether or not denominatively or otherwise provided for in any other paragraph of this act, at certain additional ad valorem rates.

And also for—

All articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished.

Paragraph 449: For imitation precious stones for use in the manufacture of jewelry.

The act of 1913, paragraph 356: For jewelry, commonly or commercially so known, but contains no provision for imitation precious or semiprecious stones, except when other articles are set with them. Paragraph 357: or imitation precious stones for use in the manufacture of jewelry.

The jewelry paragraph in the present act provides for jewelry, commonly or commercially so known, finished or unfinished, of whatever material composed.

Paragraph 1429: For imitation precious stones, cut or faceted, imitation semiprecious stones, faceted, at one rate of duty, for imitation precious stones not cut or faceted, and for imitation semiprecious stones not faceted, at another rate. Beads are not mentioned in the paragraph.

It will be observed that none of the jewelry paragraphs, or others evidently providing for jewelry materials, eo nomine provide for glass beads or for beads in imitation of precious or semiprecious stones, and that the provision in the jewelry paragraph (448) of the act of 1909, extending the same to articles "whether or not denominatively or otherwise provided for," are omitted from the present act. None of the paragraphs providing for beads has contained the words "not specially provided for," as referring thereto. None of the jewelry paragraphs has included as jewelry, beads eo nomine. Paragraph 1403 omits the language of previous bead provisions, limiting them to beads not strung or only strung loosely for facility of transportation, but extends, as to beads in imitation of precious or semiprecious stones, the provision to cover all such beads, loose or strung, of all kinds and shapes, and of whatever material composed.

Paragraph 1403 indicates a most careful revision of the previous paragraphs relating to beads. Various classes therein are definitely mentioned, articles composed of the same are specifically provided for, from all of which beads in imitation of precious or semiprecious stones are definitely excluded and, finally, all such last-mentioned beads, of all kinds and shapes, strung or unstrung, without limitation as to the manner or purpose of stringing, mounted or unmounted, of whatever material composed, are provided for, and no n. s. p. f. provision is attached thereto.

I am of opinion that all these matters leave no room for doubt that in paragraph 1403, so far as beads in imitation of precious or semiprecious stones are concerned, Congress intended to provide for the classification of all such beads, and to exclude them from paragraph 1428. An intention on the part of Congress to establish a class of articles for tariff purposes has often been recognized by this and other courts and, when found to be present, has been unhesitatingly enforced. *United States* v. *Davies Co.*, 11 Ct. Cust. Appls. 392 at 395, and cases therein cited; see also *United States* v. *Du Commun Hardware Co.*, 7 Ct. Cust. Appls. 353; *Rosenberg* v. *United States*, 7 Id. 213.

Assuming, however, but not admitting, that a competition arises in this case between the provisions of paragraph 1403 and of 1428 under consideration, I am still of opinion that from every standpoint the former is the more specific. The word "jewelry" is a much broader term than the words "all beads," and if the word "necklaces" were substituted for jewelry in paragraph 1428, "all beads" would still be the more specific, in view of the fact that it is followed by the words "strung or unstrung," because these necklaces, after all, are nothing but beads strung. Then, too, "jewelry" is qualified by the term "finished or unfinished," while "beads" implies a finished article and is therefore the narrower description because it does not include unfinished beads. The greater specificity of the bead provision is also established by the further fact that it includes all kinds and shapes thereof. The term "of whatever material composed" is found in each provision and, therefore, does not assist in determining which more closely describes the beads here. The greater specificity of the bead provision is also indicated by the words "mounted or unmounted." In one sense, these are mounted. Webster defines that word as meaning "adjusted or prepared for use; placed on a suitable support."

The words in the jewelry provision "commonly or commercially so known" clearly add nothing whatever to its specificity, because the common meaning will always be understood to apply unless there is proof of a different commercial meaning, and this if proven will be applied in proper cases. But there is no such proof here.

If these two provisions are competing, which more closely describes the importation? I think it is the one for these beads in 1403. If the phrase "by whatever name known" or its equivalent were in paragraph 1428, a different conclusion might be possible. Hence the deliberate omission thereof as in substance found in the jewelry paragraph of the act of 1909, from paragraph 448 of the act of 1913, and 1428 of the present act demonstrates that no such force can be given to the latter paragraph. For the effect of such omitted language, or its equivalent, see *Smith & Co.* v. *United States*, 5 Ct. Cust. Appls. 40; *United States* v. *Miller et al.*, 5 Id. 256; and *Mason* v. *Robertson*, 139 U. S. 624.

The expression "strung or loose" in the bead provision is important. In *United States* v. *Citroen*, 223 U. S. 407, the court held that the jewelry paragraph of the act of 1897 providing for articles commonly known as jewelry, and parts thereof, finished or unfinished, not specially provided for, including pearls set or strung, did not cover pearls constituting a necklace which had been strung and worn abroad, but which, when imported, were not strung, but said they were classifiable in the *condition imported*, not as a necklace, not as jewelry, but under another paragraph in terms providing therefor, as pearls in their natural state, *not strung or set*. See also *United States* v. *Morrison*, 179 U. S. 456, and *Frankenberg* v. *United States,* 206 U. S. 224.

As I understand the effect of the majority opinion, a string of beads made exactly like those in this case, but too small to put on over the head of the wearer, would not be jewelry, but if separable by means of a catch or other suitable device and large enough to be worn around the neck, they would be jewelry. Assuming this view to be correct, strings of the beads in question too short to be worn as necklaces would not be jewelry, and if too long to be so worn, although identical in other respects to the importation here, they also would not be jewelry. Congress clearly has not contemplated any such distinction. It has not in any way indicated that the use to which beads in imitation of precious or semiprecious stones, whether strung or loose, might be applied, would make any difference with their classification. If the merchandise here is classified under paragraph 1403, full scope is left for the operation of the jewelry paragraph and the applicable provision in the bead paragraph is not emasculated or deprived of its legitimate force.

The *Woolworth* case, cited in the main opinion, is easily distinguishable. The necklaces there were made of imitation pearl beads, not of beads in imitation of precious or semiprecious stones, and fastened with a metal clasp.

The bead paragraph of the act of 1913 there involved, as already pointed out, provided only for such beads not threaded or strung, or strung loosely, for transportation only, and for articles made of

glass beads n. s. p. f. In addition to this, the court relied, in part for its decision, on the fact that the provision for jewelry materials included imitation pearls. No such support for decision is found in the present jewelry materials paragraphs.

The *Doragon* and *International Forwarding Co.* cases are also distinguishable from the one at bar. Neither involved beads in imitation of precious or semiprecious stones, nor was the highly specific language describing them, as compared with the provisions of the jewelry paragraph, considered because they were not applicable to the merchandise then under consideration. The decision in those cases turned mainly upon the fact that the phrase "of whatever material composed" was found in the jewelry paragraph and not in the provision of paragraph 1403 held to be in competition therewith. That reason for decision does not exist here because *that phrase is found in both the provisions held to be in competition in this case.*

It is unnecessary to refer to the quotation in the majority opinion from the *American Bead Co.* case other than to say, that the quotation embraces two sentences widely separated in the opinion quoted from. The first sentence in the original opinion is supported by citations which do not involve either merchandise or issues like the one at bar. The second sentence quoted, considered in its proper context, relates to articles and issues dissimilar to those here and also immediately follows a finding by the court that—

Congress has consistently and for many years provided separately, sometimes at the same and sometimes at different rates of duty, for beads and articles composed of beads and jewelry commonly or commercially so known, thereby clearly declaring them different subjects of tariff classification and duty.

Adverting again to the *Doragon* and *International Forwarding Co.* cases, so that there can be no mistake as to the difference between them and the case at bar, and no doubt remain as to their lack of relevancy to the issues here, it can not be overlooked as already suggested that, fundamentally, they rest upon the proposition that the jewelry paragraph contains the phrase "of whatever material composed," while the provision of paragraph 1403, held to be competitive therewith in those two cases, does not contain that language. For the purpose of demonstrating clearly their relative specificity in this case, they would be read as follows:

All beads in imitation of precious or semiprecious stones, of all kinds and shapes, strung or loose, mounted or unmounted.

Jewelry, commonly or commercially so known, finished or unfinished.

Thus compared, is not the former more specific? Can it be doubted that the rule announced by the Supreme Court in many cases, among them, *Chew Hing Lung* v. *Wise,* 176 U. S. 156, and often applied by this court that—

The designation of an article, eo nomine, either for duty or as exempt from duty, must prevail over words of a general description which might otherwise include the article specially designated.

It seems to me that the jewelry paragraph is one of general description, because jewelry covers a multitude of things, while the bead provision is limited to one kind of beads only, and includes every kind and shape thereof, strung or loose, mounted or unmounted.

In my opinion the judgment below was right and should be affirmed.

SMITH, J., concurs in the dissenting opinion.