UNITED STATES *v.* MURPHY & Co. (No. 2942)[1]

United States Court of Customs Appeals, November 14, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument October 6, 1927, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The merchandise imported in the case at bar was finished necklaces of imitation pearl beads. These necklaces were of two sizes, one about 12, and the other about 60, inches in length and were all composed of imitation pearl beads, strung upon cheap, but substantial, strings, without metal clasps, and were intended to be fastened about the neck of the wearer by tying the projecting ends of the string upon which the beads have been strung. The only witness called by the importer in the court below testified that these articles were sold and used as imported for necklaces.

---

[1] T. D. 42464.

The collector classified the merchandise as finished jewelry, under paragraph 1428 of the Tariff Act of 1922. It was claimed by the protestant to be dutiable as imitation pearl beads under paragraph 1403 of said act, or as imitation solid pearls under the last clause of paragraph 1429 thereof. The court below sustained the protest under said paragraph 1403, and from the resulting judgment the Government has appealed.

We are of opinion this case is controlled by our decision in *United States* v. *May Department Stores*, 15 Ct. Cust. Appls. 46, T. D. 42151. In the case cited the contest was between the provision of said paragraph 1428:

Jewelry, commonly or commercially so known, finished or unfinished, of whatever material composed, valued above 20 cents per dozen pieces, * * *—

and the provision of said paragraph 1403:

* * * all other beads in imitation of precious or semiprecious stones, of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted. * * *

The claim was there strenuously insisted upon that the necklaces in question being composed of, admittedly, beads in imitation of precious stones, the imported articles should be so classified, it being argued that the words "beads in imitation of precious stones" were more specific than the word "jewelry." But we there held, in effect, that if it were conceded or shown that the articles of importation were necklaces, and, as such, jewelry, then they could not also be beads. A bead necklace may be, and usually is, composed of beads, as a material, but it is not "beads." When it becomes a necklace, it ceases to be beads.

And so in the case at bar. Here the contest is between the provision for jewelry, in paragraph 1428, already quoted, and that of 1403:

* * * imitation pearl beads of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted, * * *

It being shown by the testimony herein that the articles of importation are necklaces and jewelry, they can not be considered as beads. It follows that the appellee could not succeed on either ground of protest claimed by him. The court below therefore erred in its conclusions and its judgment must be reversed, and the cause will be remanded with directions to overrule the protest in all respects.

It may be said, in entire justice to the court below, that our judgment in the *May Department* case, *supra*, was not announced until after judgment herein had been entered in the court below.

*Reversed* and *remanded*.