UNITED STATES *v.* FIELD & Co. (No. 2974)[1]

United States Court of Customs Appeals, November 14, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*James W. Bevans* for appellee.

[Oral argument October 14, 1927, by Mr. Carter and Mr. Bevans]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, and HATFIELD, Associate Judges, BLAND, Associate Judge, participating by agreement of counsel

SMITH, Judge, delivered the opinion of the court:

Imitation pearl beads, made up into a finished necklace, mounted with a clasp and with fancy pieces of metal, were classified by the collector of customs as jewelry under paragraph 1428 of the Tariff Act of 1922 and assessed for duty at 80 per centum ad valorem under that part of said paragraph which reads as follows:

1428. Jewelry, commonly or commercially so known, finished or unfinished * * * 80 per centum ad valorem.

[1] T. D. 42486.

316

The importer protested that the merchandise imported was imitation pearl beads strung and mounted and, therefore, dutiable at 60 per centum ad valorem under that part of paragraph 1403 which reads as follows:

1403. * * * imitation pearl beads, of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted, 60 per centum ad valorem.

The United States Customs Court sustained the protest and the Government appealed.

In the case of *United States* v. *May Department Stores*, 15 Ct. Cust. Appls. 46, T. D. 42151, this court held that imitation precious stones, permanently strung on a substantial string and forming a necklace, were jewelry and not imitation precious stones, strung or mounted, as claimed by the importer. The reasoning adopted by the majority of the court in that case is applicable, beyond doubt, to the legal questions raised by the present appeal. If imitation precious stones so strung and mounted as to make a necklace must be classified as jewelry, imitation pearl beads, strung and mounted with a clasp and fancy metal into a necklace, must also be classified as jewelry.

On the authority of the *May* case, *supra*, the judgment of the United States Customs Court must be reversed.

*Reversed* and *remanded*.