THEO. L. STERN & CO. (INC.) *v.* UNITED STATES (No. 3570)[1]

United States Court of Customs and Patent Appeals, March 6, 1933

*Walden & Webster* (*J. L. Klingaman* and *Edward F. Jordan* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

[1] T. D. 46260.

[Oral argument December 9, 1932, by Mr. Jordan and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain imported articles, composed of strung glass beads with clasps, dutiable as jewelry under paragraph 1527 (a) (2) of the Tariff Act of 1930 as classified by the collector at the port of New York.

Appellant contends that the imported articles are dutiable as beads, "strung or loose, mounted or unmounted," at only 35 per centum ad valorem under paragraph 1503 of that act.

Paragraphs 1527 and 1503, so far as they are pertinent, read, respectively, as follows:

PAR. 1527. (a) Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof):

\*     \*     \*     \*     \*     \*     \*

(2) all other, of whatever material composed, valued above 20 cents per dozen pieces, 1 cent each, and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem: *Provided,* That none of the foregoing shall be subject to a less amount of duty than would be payable if the article were not dutiable under this paragraph.

PAR. 1503. Spangles and beads, including bugles, not specially provided for, 35 per centum ad valorem \* \* \*: *Provided,* That the rates on spangles and beads provided in this paragraph shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted: *Provided further,* That no article composed wholly or in chief value of any of the foregoing beads or spangles shall be subject to duty at a less rate than is imposed in any paragraph of this Act upon such articles without such beads or spangles.

On the trial below two witnesses testified for appellant. They stated that the involved articles were finished necklaces, ready to be sold and used as such; that they were made by stringing and mounting glass beads; and that the term "mounting \* \* \* means attaching clasps" to strings of beads.

It was agreed by counsel for the parties that the beads of which the involved articles are partly composed "do not imitate precious or semiprecious stones."

Samples of the merchandise were offered in evidence as Exhibits 1 and 2. Exhibit 1 is composed of two strands of glass beads to which a metal clasp having a glass setting is attached. One strand is composed of green, the other of clear, beads. Exhibit 2 is substantially like Exhibit 1. It is somewhat shorter, however, and was probably designed to be worn around the arm or wrist. It would seem from an examination of the exhibits that they were designed to be worn together, one as a necklace and the other as a wristlet.

In view of the testimony of record, that is, that the term "mounting" means attaching clasps to strings of beads, the theory is advanced

by counsel for appellant that, although the involved articles may be jewelry, they are, nevertheless, beads, strung and mounted. Based upon this hypothesis it is argued that the merchandise is more specifically provided for as beads under paragraph 1503 than as jewelry under paragraph 1527.

In the case of *United States* v. *Murphy & Co.*, 15 Ct. Cust. Appls. 266, T. D. 42464, and again in the case of *United States* v. *Field & Co.*, 15 Ct. Cust. Appls. 315, T. D. 42486, this court held that beads made into necklaces were no longer mere beads for tariff purposes.

In the *Murphy & Co.* case, *supra*, the court reviewed the decision in the case of *United States* v. *May Department Stores Co.*, 15 Ct. Cust. Appls. 46, T. D. 42151, and, in an opinion by Graham, P. J., among other things, said:

* * * But we there held, in effect, that if it were conceded or shown that the articles of importation were necklaces, and, as such, jewelry, then they could not also be beads. A bead necklace may be, and usually is, composed of beads, as a material, but it is not "beads." When it becomes a necklace, it ceases to be beads.

And so in the case at bar. Here the contest is between the provision for jewelry, in paragraph 1428, already quoted, and that of 1403:

* * * imitation pearl beads of all kinds and shapes, of whatever material composed, strung or loose, mounted or unmounted, * * *.

It being shown by the testimony herein that the articles of importation are necklaces and jewelry, they can not be considered as beads. * * *

In the *Field & Co.* case, *supra*, the court again referred to the case of *United States* v. *May Department Stores Co.*, *supra*, and, in an opinion by Smith, J., said:

* * * The reasoning adopted by the majority of the court in that case is applicable, beyond doubt, to the legal questions raised by the present appeal. If imitation precious stones so strung and mounted as to make a necklace must be classified as jewelry, imitation pearl beads, strung and mounted with a clasp and fancy metal into a necklace must also be classified as jewelry.

Those decisions were reviewed and approved in the case of *Hecht Pearl Co. (Inc.)* v. *United States*, 18 C. C. P. A. (Customs) 171, T. D. 44375.

It is evident from a careful reading of the decisions in the cases cited that this court has consistently held that, for tariff purposes, articles of jewelry, although composed of beads, are not mere beads, strung or loose, mounted or unmounted.

Of course beads may be strung or mounted and still be beads in a tariff sense. The Congress has plainly so provided. But where, as here, a new article commonly known as "jewelry" is produced by the stringing and mounting of beads, it is not mere beads, "strung or loose, mounted or unmounted"; it is jewelry and dutiable as such under paragraph 1527.

We are of opinion that the court below reached the right conclusion. The judgment is *affirmed*