BEFORE THE FIRST DIVISION, OCTOBER 16, 1946

**No. 51354.**—Protest 116063–K of Fred Leighton doing business as Fred Leighton Mexican Imports (New York).

OLIVER, Presiding Judge: This case is before us on a rehearing granted on motion of the defendant. The protest was sustained in our decision of March 6, 1946, published as Abstract 50922.

The merchandise was classified as articles composed wholly or in chief value of beads and assessed with duty at the rate of 60 percent ad valorem under the provision therefor in paragraph 1503, Tariff Act of 1930. It was claimed properly dutiable as beads, not specially provided for, at 35 percent ad valorem under the same paragraph.

The case was submitted on a stipulation entered into by counsel providing, insofar as pertinent, as follows:

That the merchandise covered by the above-enumerated protest consists of colored palm leaf beads permanently strung in the form of necklaces by means of cotton thread, palm leaf being the component material of chief value * * *

No briefs were filed by either side.

Under the somewhat ambiguous wording of this stipulation, we held that the classification of the collector was erroneous and that the merchandise at bar was properly dutiable under the provision of the same paragraph for beads, not specially provided for, at the rate of 35 percent ad valorem, in view of the first proviso thereof which states that the rates of duty on beads therein "shall be applicable whether such * * * beads are strung or loose."

In this connection we also cited *Stern* v. *United States*, 20 C. C. P. A. 423, T. D. 46260, wherein our appellate court in considering paragraph 1503 stated:

Of course beads may be strung or mounted and still be beads in a tariff sense. The Congress has plainly so provided.

Counsel for plaintiff now concedes that the words, "beads permanently strung in the form of necklaces," contained in the stipulation upon which the case was submitted, were intended to mean that the merchandise was "articles manufactured of beads," but contends there is distinction between necklaces which are jewelry and those which are not.

The Government does not claim that they are jewelry but contends that, being "necklaces" or "articles manufactured of beads," they are no longer beads, strung, but have become something else for tariff purposes, citing *Stern* v. *United States*, *supra*.

The case is thus resubmitted on the original stipulation which, in view of statements of counsel, may be understood to mean that the imported necklaces are articles manufactured of beads.

We are thus called upon to decide the issue as to whether the provision in paragraph 1503 for "* * * articles * * * composed wholly or in chief value of beads * * *" is more specific and more descriptive of the merchandise before us than the provision in the same paragraph for "* * * beads * * * not specially provided for," when modified by the further provision therein, *"Provided,* That the rates on spangles and beads provided in this paragraph shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted * * *."

In the *Stern* case, *supra*, our appellate court stated (p. 425):

It is evident from a careful reading of the decisions in the cases cited that this court has consistently held that, for tariff purposes, articles of jewelry, although composed of beads, are not mere beads, strung or loose, mounted or unmounted.
Of course beads may be strung or mounted and still be beads in a tariff sense. The Congress has plainly so provided. But where, as here, a new article commonly known as "jewelry" is produced by the stringing and mounting of beads, it is not mere beads, "strung or loose, mounted or unmounted"; it is jewelry and dutiable as such under paragraph 1527.

The court, citing its decision in *United States* v. *Murphy & Co.*, 15 Ct. Cust. Appls. 266, T. D. 42464, quoted therefrom in part as follows:

* * * A bead necklace may be, and usually is, composed of beads, as a material, but it is not "beads." *When it becomes a necklace, it ceases to be beads.* [Italics supplied.]

In the case before us, the imported articles are more than beads, strung or mounted. They have become a new article of commerce known as palm necklaces and invoiced as such. The question of jewelry does not enter into our consideration of this case. The imported articles are concededly articles manufactured of beads for which specific provision is made in paragraph 1503. They are not beads intended to be separated after importation but are articles of permanent construction, intended and designed to be used in the form in which they are imported.

Our previous decision herein, published as Abstract 50922, is hereby reversed, the protest is overruled, and the classification of the collector is affirmed.