BEFORE THE FIRST DIVISION, JULY 19, 1956

**No. 60115.**—S. H. Kress & Co. *v.* United States, protest 249775–K (New York).

OLIVER, Chief Judge: This protest relates to strings of beads which the collector assessed with duty at the rate of 30 per centum ad valorem under paragraph 1503 of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, as articles, composed wholly or in chief value of beads. Plaintiff claims that the merchandise is properly dutiable at only 17½ per centum ad valorem under the same paragraph, as beads, not specially provided for. The competing provisions appear in paragraph 1503 of the Tariff Act of 1930, as amended, *supra*, as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1503 | Beads, including bugles, not specially provided for | 17½% ad val. |
| 1503 | Fabrics and articles not ornamented with beads, spangles, or bugles, nor embroidered, tamboured, appliqued, or scalloped, composed wholly or in chief value of beads or spangles (other than imitation pearl beads, beads in imitation of precious or semiprecious stones, and beads in chief value of synthetic resin) | 30% ad val. |

At the hearing, counsel for the respective parties submitted the case on stipulated facts, showing that the merchandise in question was imported in the lengths of the samples, that it is used "as Christmas decorations on Christmas trees and otherwise," and that it is used "in the lengths as imported." The samples before us (plaintiff's illustrative exhibits 1, 2, 3, and 4) lend support to, and clarification of, the stipulated facts. They consist of strings of beads, the strings varying in length (9 inches, 10 feet, 9 feet, and 10 feet), and the beads differing in sizes and colors. In general appearance, they are the familiar strings of beads that are used to decorate Christmas trees.

Counsel for plaintiff, in his brief, concedes that the objects that are strung on strings are beads, that the beads are permanently strung and ready for use in their imported condition, and that the items in question are in chief value of beads.

The undisputed facts leave for determination the sole question whether the merchandise under consideration consists of articles in chief value of beads, as assessed, or merely beads, as claimed. Merchandise, composed entirely of beads, as material, ceases to be dutiable as mere beads when it becomes a necklace. *United States* v. *Murphy & Co.*, 15 Ct. Cust. Appls. 266, T. D. 42464. An article, produced by the stringing and mounting of beads, but which has become a new article, commonly known as jewelry (either a necklace or a wristlet), is not mere beads, "strung or loose, mounted or unmounted." It is jewelry and dutiable as

such. *Theo. L. Stern & Co. (Inc.)* v. *United States*, 20 C. C. P. A. (Customs) 423, T. D. 46260. The importance of the two cited cases lies in their emphasis of the principle that a commodity composed of beads, as material, is not classifiable as beads, when it becomes a definite article. In this case, the stipulated facts, coupled with the samples in evidence (illustrative exhibits 1, 2, 3, and 4, *supra*), comprising the record before us, establish that the merchandise consists of strings of beads, permanently strung and used in their imported lengths, and that at no time is this merchandise advanced, in any way, to become more than strings of beads. Hence, the principle applied in the *Murphy & Co.* and the *Theo. L. Stern & Co. (Inc.)* cases, *supra*, does not apply in this case.

Defendant's brief cites *Vandegrift & Co.* v. *United States*, 15 Ct. Cust. Appls. 165, T. D. 42221, and *Reed Cook (Inc.)* v. *United States*, 61 Treas. Dec. 322, T. D. 45465. Both cases arose under the Tariff Act of 1922, and each discussed paragraph 1403 thereof, which was the predecessor of paragraph 1503 of the Tariff Act of 1930 that controls the issue now before us. The pertinency herein of the *Vandegrift & Co.* case, *supra*, is in the pronouncement, restricting the provision for "beads" to such beads as are ornamental or suitable for decorative purposes. The beads under consideration are within that class.

The *Reed Cook (Inc.)* case, *supra*, related to certain wooden mats, decorative in character and used to protect a table from hot dishes. The mats were composed of "plain little perforated cylinders, some colored, others not," which the court found to be beads. The merchandise was held to be classifiable as articles, not ornamented with beads, composed in chief value of beads. That case is not controlling.

Paragraph 1503 of the Tariff Act of 1930, as originally enacted, embodies a proviso that was not included in any of the predecessor paragraphs in earlier tariff acts. That proviso, which has much influence in our disposition of the issue before us, reads as follows:

* * * *Provided*, That the rates on spangles and beads provided in this paragraph shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted: * * *.

The obvious purpose of such clear and unqualified statutory language was to bring within the scope of paragraph 1503, as originally enacted and as modified, all beads, however strung (either temporarily or permanently), and whether or not mounted. Consistent with that statement is the comment in the *Theo. L. Stern & Co. (Inc.)* case, *supra*, where the late Judge Hatfield, speaking for the court, stated:

Of course beads may be strung or mounted and still be beads in a tariff sense. The Congress has plainly so provided.

The merchandise under consideration consists of beads, permanently strung, and used in the lengths as imported. They are properly classifiable under the provision for beads, not specially provided for, in paragraph 1503, as modified, *supra*, carrying a dutiable rate of 17½ per centum ad valorem, as claimed by plaintiff.

In a volume titled, "TARIFF ACT OF 1930—Committee Reports— Conference Reports—71st Congress, 1st & 2d Sessions," there is included a "MEMORANDUM OF COURT DECISIONS AFFECTING TARIFF ACT OF 1922" that was prepared for the use of the Committee on Ways and Means. On page 45 thereof, where paragraph 1403 of the Tariff Act of 1922 is discussed, there is the following comment:

We have had considerable litigation under this paragraph on the subject of beads graduated and imported in necklace lengths, which were assessed by the collector of customs as articles composed of beads at 60 per centum ad valorem and claimed by the importers to be dutiable as beads at 35 per centum ad valorem.

Cases all involved proof as to whether or not the beads were permanently or only temporarily strung.

\* \* \* \* \* \* \*

It is difficult for the customs officers to determine when a string of beads is permanently or temporarily strung, except decorative beads which are imported in bunches or so-called mass, and in order to prevent further litigation of this character, it is suggested that Congress signify its intention more clearly, either by making the provision for articles cover beads strung or the provision for beads cover those which are "strung or loose," as it did in the case of imitation pearl beads and beads in imitation of precious or semiprecious stones.

The foregoing quotation is abundantly clear in its suggestion to eliminate any distinction and to supply uniformity in the tariff treatment of beads that are permanently or only temporarily strung. That Congress adopted the suggestion is reflected in the enactment of the proviso included in paragraph 1503, requiring that the rate applicable to beads shall apply whether the beads are "strung or loose." Our conclusion gives expression to such congressional intent.

On the basis of the record herein, and for all of the reasons hereinabove set forth, the claim of the plaintiff is sustained and the decision of the collector is reversed.

Judgment will be rendered accordingly.