OCTOBER 2, 1956

**No. 60272.**—S. H. Kress & Co. v. United States, protest 249775–K.—

OLIVER, Chief Judge:  This case was the subject of our decision in *S. H. Kress & Co.* v. *United States*, 37 Cust. Ct. 291, Abstract 60115, and it comes before us again, at this time, on defendant's motion for rehearing.

The merchandise in question consists of strings of beads that are described on the invoice and identified herein by exhibits as follows:

Item C–4456, 10′ strings of 8-millimeter beads (plaintiff's illustrative exhibit 1)
Item 4458, 9′ strings of 14-millimeter beads (plaintiff's illustrative exhibit 2)
Item 4457, 10′ strings of 8-millimeter beads (plaintiff's illustrative exhibit 3)
Item K–4239, 7½″, 8″, 9″, and 12″ strings of beads of various sizes (plaintiff's collective illustrative exhibit 4)

All of the merchandise was assessed with duty at the rate of 30 per centum ad valorem under paragraph 1503 of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, as articles, composed wholly or in chief value of beads.  Plaintiff's claim, alleging classification of the merchandise under the said amended paragraph, as beads, not specially provided for, with duty assessment at the rate of 17½ per centum ad valorem, was sustained in our decision, Abstract 60115, *supra*.

In defendant's memorandum in support of its motion for rehearing, Government counsel states:

That it is conceded herein that the merchandise consists of beads permanently strung and ready for use as * * * Christmas-tree decorations or *ornaments*. [Italics added.]

In the stipulated facts upon which the case was submitted, the parties agreed that the merchandise in question is used "as Christmas decorations on Christmas trees and otherwise" and that it is used "in the lengths as imported."  There is no agreement that these strings of beads are ornaments.

In our previous consideration of this case, we did not construe the stipulated facts, on which the case was submitted, as establishing that the strings of beads in question are *ornaments*, which defendant suggests in seeking a rehearing in this case.  What was stated in our decision, Abstract 60115, *supra*, is repeated now, with the same force and effect:

\* \* \* In this case, the stipulated facts, coupled with the samples in evidence (illustrative exhibits 1, 2, 3, and 4, *supra*), comprising the record before us, establish that the merchandise consists of strings of beads, permanently strung and used in their imported lengths, and that at no time is this merchandise advanced, in any way, to become more than strings of beads.

Counsel for defendant, in his memorandum to support the motion for rehearing, calls attention to the case of *Fred Leighton doing business as Fred Leighton Mexican Imports* v. *United States*, 17 Cust. Ct. 197, Abstract 51354, which was not heretofore mentioned, either in the briefs submitted on behalf of the respective parties or in the decision. That case, however, contains nothing to cause us to depart from our previous decision. That case, like the cases of *United States* v. *Murphy & Co.*, 15 Ct. Cust. Appls. 266, T. D. 42464, and *Theo. L. Stern & Co. (Inc.)* v. *United States*, 20 C. C. P. A. (Customs) 423, T. D. 46260, discussed in the decision, Abstract 60115, *supra*, involved necklaces, composed of beads, and the reasons set forth in the decision for distinguishing the *Murphy & Co.* and *Theo. L. Stern & Co. (Inc.)* cases, have equal application to the *Fred Leighton* case, *supra*.

The motion for rehearing is denied. It is so ordered.