UNITED STATES v. S. H. KRESS & Co. (No. 4907) [1]

United States Court of Customs and Patent Appeals, April 30, 1957

*George Cochran Doub,* Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Richard H. Welsh* and *Joseph E. Weil,* trial attorneys, of counsel), for the United States.

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for appellee.

[Oral argument April 2, 1957, by Mr. Welsh and Mr. Carter]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, Abstract 60115, sustaining a protest by the importer and holding that the merchandise involved, consisting of strings of beads, varying in length from nine inches to ten feet, the beads differing in sizes and colors, was classifiable as beads dutiable at 17½% ad valorem under paragraph 1503 of the Tariff Act of 1930 as modified by T. D. 51802 supplemented by T. D. 51898, rather than as articles composed wholly or in chief value of beads, dutiable at 30% ad valorem, under the same paragraph, as classified by the collector.

The competing provisions are as follows:

1503. Beads, including bugles, not specially provided for_____ 17½% ad valorem.

1503. Fabrics and articles not ornamented with beads, spangles, or bugles, nor embroidered, tamboured, appliqued, or scalloped, composed

---

[1] C. A. D. 651.

wholly or in chief value of beads or spangles
(other than imitation pearl beads, beads in
imitation of precious or semiprecious stones, and
beads in chief value of synthetic resin)_____ 30% ad val.

Paragraph 1503 also contains the following proviso:

*Provided,* That the rates on spangles and beads provided in this paragraph shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted.

As pointed out by appellee, the legislative history of paragraph 1503 clearly indicates that the proviso was inserted with the intention that beads might be dutiable as beads even though they were permanently strung. We are of the opinion, however, that the paragraph does not require that every article which consists of nothing more than beads on a string must be classified as beads. The beads may be so selected, and strung in such a way, as to produce a distinct article. The question as to proper classification must be determined on the basis of the particular facts of the individual case involved.

In the instant case it has been stipulated that the merchandise in its condition as imported is intended to be used as Christmas decorations, and no other possible use has been suggested. The colors of the beads and the lengths of the strings have evidently been selected with that use in mind, and each string of beads is a distinct and complete article, designed as a whole and for a particular purpose.

The question as to whether beads which have been permanently strung should be classified as beads or articles is one which has previously been considered by this court and its predecessor in several cases. *United States* v. *May Department Stores Co.*, 15 Ct. Cust. Appls. 46, T. D. 42151; *United States* v. *Murphy & Co.*, 15 Ct. Cust. Appls. 266, T. D. 42464; *United States* v. *Field & Co.*, 15 Ct. Cust. Appls. 315, T. D. 42486; *United States* v. *Frankel Importing Co.*, 18 C. C. P. A. (Customs) 188, T. D. 44378; *Theo L. Stern & Co. (Inc.)* v. *United States*, 20 C. C. P. A. (Customs) 423, T. D. 46260.

In each of the cited cases it was held that the strung beads had lost their identity as beads and had been converted into a distinct and separately classifiable article. It is true that in most of the cases some additional feature was present, such as a clasp or a special arrangement of strings. In the *Murphy & Co.* case, however, the merchandise consisted merely of strings of imitation pearl beads, some 12 and others 60 inches in length, "strung upon cheap, but substantial, strings, without metal clasps" and intended to be fastened about the neck of the wearer by tying the projecting ends of the string upon which the beads had been strung. Physically, therefore, the articles were nothing more than strings of beads, but it was held that they were not classifiable as imitation pearl beads "strung or loose," but as necklaces.

There appears to be no material distinction between the facts of the *Murphy & Co.* case and those of the instant one. In each case beads were permanently strung in a particular length and designed for use in their imported condition as a specific article. The fact that the merchandise in the *Murphy & Co.* case was called by the specific name of "necklaces," whereas the merchandise here involved is called by the somewhat broader name of "Christmas decorations," is not significant since in each instance there was a dedication to a particular use.

No case has been cited, and we have found none, in which it has been held that permanently strung beads designed to be used in their imported condition for a specific purpose should be classified as beads rather than as articles.

We are of the opinion that when the beads here involved were strung in particular lengths to produce completed articles intended for a definite use they ceased to be beads, within the meaning of paragraph 1503, and became articles in chief value of beads within the meaning of that paragraph. The collector's classification was therefore correct and the protest should have been overruled.

We have not overlooked the fact that the prior cases cited above were not decided under the Tariff Act of 1930, but under generally similar provisions of earlier acts. We find nothing in the language or history of the 1930 Act however to indicate that strung beads should be classified as beads if, as is the case here, the stringing has formed them into a new and complete article dedicated to a particular use.

The decision of the United States Customs Court is *reversed*.

JACKSON, J., Retired, recalled to participate herein in place of COLE, J., absent because of illness.

WORLEY, Judge, dissenting.

In my opinion the record and the legislative history of paragraph 1503 clearly support the conclusion reached by the Customs Court that the instant merchandise should be classified under that paragraph as beads not specially provided for. The following excerpt from the appellee's brief is particularly apt to the circumstances here:

* * * Each unit in the exhibits consists of a string with a number of hollow glass beads in a variety of colors strung thereon and held in place by a simple knot at each end of the string. There is no hook, catch, medallion, or accouterment of any kind whatsoever which could possibly characterize any of the units as anything more than strung beads. *Only if the mere stringing of beads can advance them beyond the condition of strung beads can these exhibits be considered as more or other than strung beads.* (Italics supplied.)

I would affirm.